IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank Brett, | ) | C/A No.: 3:13-359-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| U.S. Marshal—Unknown Oriental Man, | ) | |
| South Carolina; U.S. Marshal—Gary | ) | |
| Unknown, Philadelphia, PA; Richard | ) | |
| Gertz, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed this lawsuit listing the following as Defendants: "U.S. Marshal—Unknown Oriental Man, South Carolina; U.S. Marshal—Gary Unknown, Philadelphia, PA; Richard Gertz" ("Defendants"). [Entry #1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual Background

Plaintiff's complaint consists of the court's five-page *Pro Se* Non-Prisoner Complaint Form, along with a 20-page hand-written attachment. [Entry #1]. Plaintiff did not complete the body of the court's complaint form except for the relief section, where he states "File Injunction against Aaron from Eleanor/Tennely Shelter in Fairfax,

Virginia. Injunction against Dana—Female employee at same place." *Id.* at 5. In the 20-page attachment, Plaintiff discusses a variety of events, some of which date back more than 25 years and most of which cannot be interpreted to implicate Defendants. Twelve of the 20 pages contain lists of license plate numbers with accompanying notes.

As to the named Defendants, Plaintiff alleges that Gertz admitted to harassing him since 1995. [Entry #1-1 at 1]. Plaintiff complains that defendant Gary "gave me a hard time" in November 2012 at the entrance of the Pennsylvania federal court. *Id.* at 4. Plaintiff also states that Gary hit him with his gun. *Id.* at 7. The complaint is devoid of allegations regarding the defendant identified as "U.S. Marshal—Unknown Oriental Man."

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2) (B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff may bring this lawsuit in federal court only if the court has subject matter jurisdiction over the case. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.

1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399. Rule 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Plaintiff has failed to comply with Rule 8, as he has not pleaded any recognizable factual or legal basis for any discernable cause of action. Plaintiff has failed to ask for any relief, save for unspecified injunctive relief against two individuals who are neither named as defendants, nor mentioned in the complaint.

To the extent that Plaintiff wishes to bring state claims against Defendants, he must satisfy the requirements of the diversity statute, 28 U.S.C. § 1332, which provides for such jurisdiction. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity

4

statute requires complete diversity of parties and an amount in controversy in excess of $75,000.  *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant.  *Cent. W. Va. Energy Co.*, 636 F.3d at 103.  Plaintiff provided the court with a Pennsylvania address for himself and identified U.S. Marshal Gary as a Philadelphia resident.  [Entry #1 at 1].  Because complete diversity is lacking, this court cannot exercise diversity jurisdiction over this action.

If a plaintiff alleges that his action arises under the Constitution or laws of the United States, 28 U.S.C. § 1331 may provide federal question jurisdiction.  Here, Plaintiff does not state any cause of action against Defendants. Although a court must liberally construe a *pro se* complaint, it is well-settled that federal courts are not required to "conjure up questions never squarely presented to them" or to be "mind readers" for *pro se* litigants.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that the district court cannot be expected to construct full blown claims from sentence fragments); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Therefore, because Plaintiff has not alleged a cause of action arising under the Constitution or laws of the United States, the court cannot exercise its federal question jurisdiction over this matter.

Because Plaintiff has not shown any basis for the court to exercise subject-matter jurisdiction over this matter, it is recommends the complaint be dismissed.

III.	Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 28, 2013                                              Shiva V. Hodges
Columbia, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).